**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                    Case No.: 1:07-CR-26-SPM

THEODORE BARTEK

　　　　　　　Defendant.
_____/

**<u>ORDER DENYING MOTION IN LIMINE</u>**

　　　　This cause comes before the Court on "Defendant's Motion in Limine" (doc. 31) and the Government's response (doc. 35).  Defendant has been charged with five counts of mail fraud in which he allegedly solicited money order payments of $49 from individuals, and then promised them a secured credit card in return.  The individuals never received the credit card.  Defendant is additionally charged with ten counts of money laundering in which he allegedly used interstate commerce to conduct financial transactions with monies representing the proceeds of unlawful activity.

　　　　Defendant now requests that evidence of certain prior bad acts be excluded pursuant to Federal Evidence Rule 404(b).  This evidence is as follows:

　　1.　　A 1988 cease and desist order from the Administrative Law Judge of the United States Postal Service prohibiting Defendant from engaging in any lottery or multi-marketing enterprise where the purchaser's earnings depend upon third parties over whom that purchaser has no control.

　　2.　　A 1991 United States Postal Service investigation into Defendant's affiliation with a church that was offering free loans to individuals without

requiring a credit check.

3.      A 2004 injunction agreement between the North Carolina Attorney
        General and Defendant individually and as agent for Network Services,
        Inc., doing business as Maxi Finance.  The injunction, signed by a
        Superior Court Judge, prohibited violation of the state Telemarketers
        Registration and Bonding Act; the state Loan Brokers Act; and the state
        Unfair and Deceptive Trade Practices Act.

Defendant argues that this evidence would be introduced for the prohibited purpose of showing that Defendant has a propensity to commit fraudulent acts.  In response, the Government states that this evidence of prior bad acts demonstrate Defendant's intent, preparation, plan, knowledge, identity or lack of mistake.  Upon consideration of the arguments of the parties, this motion in limine will be denied.

**I.      404(b) STANDARD**

Federal Evidence Rule 404(b) states that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith."  In other words, a defendant's extrinsic bad acts cannot be introduced to show that a defendant has a bad character and therefore is more likely to have committed the instant offense.  Such evidence is admissible, however, under Rule 404(b) as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).  In applying Rule 404(b), a court must complete a Rule 403 analysis to determine whether the danger of the undue

prejudice of the proposed evidence outweighs its probative value.[1]

## II.      INSTANT OFFENSE

In this case, Defendant is charged in a fifteen-count indictment with mail fraud and money laundering.  Mail fraud consists of the following elements: "(1) an intentional participation in a scheme to defraud a person of money or property, and (2) the use of the mails in furtherance of the scheme." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (internal citations and quotations omitted).  To prove the money laundering charges, the Government must show (1) that Defendant knowingly conducted or attempted to conduct a financial transaction; (2) that Defendant knew that the funds for the transaction represented proceeds of mail fraud; (3) that the funds did in fact represent the proceeds of mail fraud; and (4) that Defendant engaged in the financial transaction with the intent to further the mail fraud.  Eleventh Circuit Criminal Pattern Jury Instruction 70.1.

## III.      1988 CEASE AND DESIST ORDER

In 1988, a United States Postal Service Judicial Officer issued an order directing Defendant and Network Services, doing business as Synchrony, Innocom, Inc., and The Superachiever Program; to cease and desist from engaging in a lottery scheme involving multi-level marketing.  Defendant was also ordered to cease and desist from falsely representing that the lottery activity was legal.

---

[1]  The text of Rule 403 is as follows: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

### IV.     1991 AGAPE CHRISTIAN CHURCH INVESTIGATION

In 1991, Agape Christian Church was under investigation by the United States Postal Inspector for mail fraud and the False Representation and Lottery Statute.  The Defendant was suspected of placing advertisements offering interest-free loans, with no credit check required.  In order to receive the loan information, the recipient had to submit a $39 money order, cash-on-delivery, made out to Defendant.  Defendant said that his involvement with this project was only by mailing packets that people requested in response to the loans that were advertised in the newspaper.  He said that his only profit was in return for organizing and processing the mailings.  Defendant obtained the potential customers' addresses by purchasing them from a commercial mailing list distributer.  Processing the mailings was Defendant's only contact with the church and it was also his only source of income.  Defendant had never visited the church, nor had he ever seen anyone from the church.  He communicated with a church representative by phone only.

### V.     2004 AGREED PRELIMINARY INJUNCTION

The preliminary injunction represents an agreement between Defendant, Network Services, Inc., and the North Carolina Attorney General.  The agreement prohibits Defendant from soliciting anyone for credit card or loan applications or from accepting payment from anyone in response to his solicitations.  The Defendant told residents that he would provide them with pre-approved loans and credit cards. Residents were instructed to send money orders to Defendant in order to receive their credit cards or loans.  The residents never received the material that was promised.

4

Customers who challenged this scheme and sought refunds were regularly refused.  As

a result of these practices, the Attorney General charged Defendant with violating the

state Telemarketers Registration and Bonding Act; the state Loan Brokers Act; and the

state Unfair and Deceptive Trade Practices Act.

**VI.      ANALYSIS**

The Government stated that the purpose of the prior bad acts is to establish

intent, preparation, plan, knowledge, identity or lack of mistake.  Because the

Government offered limited explanation of specifically how these prior acts would be

used for these purposes, the Court must do an independent analysis of the viability of

these claims of permissible admissibility.  In determining the admissibility of prior bad

acts, a three-part test applies.

> First, the evidence must be relevant to an issue other
> than the defendant's character. Second, as part of the
> relevance analysis, there must be sufficient proof so that
> a jury could find that the defendant committed the
> extrinsic act.    Third, the evidence must possess
> probative value that is not substantially outweighed by its
> undue prejudice, and the evidence must meet the other
> requirements of Rule 403.

United States v. Giordano, 261 F.3d 1134, 1140 (11th Cir. 2001) (quoting United States

v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992)).  "The term 'unfair prejudice,' as to a

criminal defendant, speaks to the capacity of some concededly relevant evidence to lure

the factfinder into declaring guilt on a ground different from proof specific to the offense

charged."  Old Chief v. United States, 519 U.S. 172, 180 (1997).  In determining unfair

prejudice, "a court should consider the differences between the charged and extrinsic

offenses, their temporal remoteness, and the Government's need for the evidence to

5

prove" the permissible purpose for which the evidence is used.  United States v. Dias-Lizaraza, 981 F.2d 1216, 1225 (11th Cir. 1993).

### A.    Relevant for Legitimate Purpose

The first prong of the three-part Giordano test is whether this evidence is relevant to an issue other than proving the Defendant's character.  The three prior acts involve behavior that is very similar to the behavior alleged in this case.  All of the acts involve solicitation of customers by mail, with a request for the customer to send a money order to Defendant in exchange for something (either a credit card or an interest-free loan) that the customer never receives.

The first determination is whether these prior acts may demonstrate intent to commit the acts charged in the instant case.  If the jury concludes that Defendant indeed committed these prior bad acts, the acts are relevant "to an issue other than propensity because it lessens the likelihood that the defendant committed the charged offense with innocent intent."  United States v. Beechum, 582 F.2d 898, 913 (5th Cir. 1978)  Because these prior acts involve behavior that is similar to the behavior alleged in the instant case, these prior acts show that it is more likely that Defendant had the mental state necessary to committed the acts in this offense.  Therefore, this court finds that the prior bad acts are admissible for the legitimate purpose of showing intent.

The prior bad acts are also admissible for the legitimate purpose of demonstrating knowledge.  Defendant is changed in the instant case with mail fraud and money laundering.  A conviction for money laundering requires an "underlying illegal activity" and knowledge that the underlying activity was in fact, illegal.  In this case, that underlying illegal activity would be mail fraud.  Defendant's prior involvement in activities

similar to mail fraud are sufficient to demonstrate knowledge that the financial transactions underlying the money laundering charges in this case were the proceeds of unlawful activity.

The prior bad acts do not show that Defendant is necessarily the person who committed the money laundering.  But if it is shown beyond a reasonable doubt that Defendant was engaged in money laundering in this instance, then his prior bad acts will serve as evidence of his knowledge of the illegality of mail fraud.  Because the behavior that was charged in this indictment and that served as the underlying unlawful activity of the money laundering charge was the same behavior as in the prior bad acts, these prior acts are evidence that the Defendant was aware of the illegality of that behavior.   Therefore, for the purpose of demonstrating knowledge of the illegality of the underlying unlawful activity, admission of the prior bad acts serves a legitimate purpose.

### B.    Sufficient Proof

Giordano requires that "there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act".  261 F.3d at 1140. See also Huddleston v. United States, 485 U.S. 681, 685 (1988).  The offers of proof of the prior bad acts consist of a letter from a judicial officer of the United States Postal Service; an Agreed Preliminary Injunction from the Wake County Superior Court Division in North Carolina; and a memorandum of an interview taken by a United States Postal Inspector. Defendant argues that this is not sufficient proof that he committed the prior bad acts in question.  Defendant claims that these documents only demonstrate that he thought it was in his best interests to sign the injunction and the consent to cease and desist. This Court disagrees.  Even though the proof offered is not as convincing as an actual

7

conviction, a jury viewing documents from judicial officers and an inspector of the United States Postal Service could find that Defendant committed these acts.

### C.    Probative Value and Unfair Prejudice

Pursuant to <u>Dias-Lizaraza</u>, in applying Rule 403, the Court must consider the difference between the charged and extrinsic offenses, their temporal remoteness, and the Government's need for the evidence to prove knowledge.  An evaluation of these factors demonstrates that the probative value of the evidence is not substantially outweighed by unfair prejudice to Defendant.

Exclusion under Rule 403 is an "'extraordinary remedy'" that should be "'used sparingly'" and "'narrowly circumscribed.'"  <u>United States v. Fortenberry</u>, 971 F.2d 717, 721 (11th Cir. 1992) (citations omitted).  When analyzing evidence under Rule 403, prejudice alone is not the focus of the inquiry, since virtually all evidence presented against a defendant is prejudicial.  <u>United States v. Terzado-Madruga</u>, 897 F.2d 1099, 1119 (11th Cir. 1990).  Exclusion is warranted only when the evidence creates a danger of *unfair* prejudice that substantially outweighs the probative value of the evidence.  <u>Id.</u>

In this case, the prejudice to Defendant resulting from the prior bad acts is not unfair.  The prior bad acts and the offenses charged in this case are extremely similar.  In the 2004 preliminary injunction specifically, the acts described therein are almost identical to the acts of the offenses charged here. The Eleventh Circuit has stated that this fact makes the evidence more probative than prejudicial.  <u>See</u> <u>United States v. Cortes-Sanchez</u>, 2008 U.S. App. LEXIS 762 (11th Cir. 2008) (stating that evidence of past cocaine offenses in a trial charging conspiracy to import and posses cocaine was "more probative than prejudicial *because* the past and charged offenses were

8

substantially similar")(emphasis added).

Furthermore, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.  The evidence is highly probative of Defendant's intent to defraud and his knowledge of the illegal nature of the mail fraud activity. Not only could these prior acts help establish that Defendant had knowledge of the illegality of the activity underlying the money laundering charge and that Defendant may have had the intent to commit mail fraud, but the probative value of the prior bad acts is substantial.  Defendant presents no convincing argument for its exclusion.

## V.  CONCLUSION

The cease and desist order, the preliminary injunction and the interview memorandum will be admitted as evidence in this trial.  The prior bad acts are offered for legitimate purposes and not to show that Defendant's conduct was in conformity with his character.  Furthermore, the potential of unfair prejudice to the Defendant is substantially outweighed by the probative value of the prior bad acts.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Defendant's motion in limine (doc. 31) is hereby *denied*

2.    The Court reserves the right to reconsider this ruling when the evidence is offered in context at trial.

**DONE AND ORDERED** this twenty-eighth day of January, 2008.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge

9