**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                  Case No.: 1:07-CR-26-SPM

THEODORE BARTEK

        Defendant.
_____/

**ORDER DENYING MOTION TO STRIKE SURPLUSAGE OF THE INDICTMENT**

**THIS CAUSE** comes before the Court upon the "Defendant's Motion to Dismiss Indictment or in the Alternative Strike Surplusage" (doc. 41) and the Government's response (doc. 42) filed May 24, 2004. Defendant requests that the word "victims" be stricken from the indictment (doc. 1) on the grounds that it is prejudicial and it negates the presumption of innocence.

A motion to strike surplusage should not be granted unless "it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial . . . . [T]his is a most 'exacting standard.'" United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992)(citations omitted). In this case, use of the word "victims" rightly identifies people as being the object of wrongdoing, but it does not automatically imply that Defendant is the person who perpetrated the crime against them. Therefore, it does not negate Defendant's presumption of innocence.

Furthermore, this Court gives very specific instructions to the jury regarding the presumption of innocence and how the indictment is to be used during their

deliberations.  This Court believe that the jury has the ability to fully adhere to the instructions and to refrain from viewing the indictment as evidence of guilt, use of the word "victim" notwithstanding.  Therefore, this Court finds that the word "victim" as used in the indictment does not meet the "exacting standard" set forth in Awan.  Accordingly, it is hereby  **ORDERED AND ADJUDGED** that the motion to dismiss the indictment or strike surplusage (doc. 41) is *denied*.

**DONE AND ORDERED** in chambers this twenty-sixth day of March, 2008.


*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge