UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No.: 1:07-CR-26-SPM

THEODORE BARTEK,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS

**THIS CAUSE** comes before the Court on "Defendant's Motion to Suppress and Accompanying Memorandum" (doc. 49); the Government's response in opposition (doc. 50); and Defendant's reply (doc. 52). Defendant previously filed a Motion in Limine requesting that this Court suppress a Complaint alleging that Defendant was involved in a fraudulent telemarketing scheme. This Court found that pursuant to Federal Evidence Rule 404(b)[1], the Complaint and the accompanying Agreed Preliminary Injunction regarding this scheme were admissible as prior bad acts offered for legitimate purposes and not to show that Defendant's conduct was in conformity with his character.

Now, in this current motion, Defendant argues that the Complaint contains information and that its admission violates his Sixth Amendment right to confront

---

[1] "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .." Fed. R. Evid. 404(b).

any witnesses against him.[2]  The Government responds that because the Agreed Preliminary Injunction was signed by Defendant, it serves as an admission against party-opponent and therefore is not considered hearsay.  See F. R. Evid. 801(d)(2).  The Government also states that it has other documentation connecting Defendant to the activity described in the Complaint and the Agreed Preliminary Injunction.  For the reasons stated below, Defendant's motion to suppress the Complaint will be granted.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c)).  "Subject to certain exceptions, hearsay is not admissible at trial." United States v. Perez-Lopez, 262 Fed. Appx. 974, 980 (11th Cir. 2008) (citing Fed. R. Evid. 802.)  "Fed. R. Evid. 404(b) prohibits a defendant's other crimes or bad acts from being used as character evidence but allows this evidence to prove motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident." United States v. Barry, 814 F.2d 1400, 1404 (9th Cir. 1987).  "Evidence of prior acts, whether offered under Rule 404(b) . . . must be sufficiently related and proximate in time to the crime charged to be relevant under Rule 403." United States v. Barry, 814 F.2d 1400, 1404 (9th Cir. 1987).  Moreover, such prior bad act "evidence must be offered in a form admissible under the Federal Rules."

---

[2] "In all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him." U.S. Const. amend. VI.

Id. Therefore, the Complaint and the Agreed Preliminary Injunction, though admissible under Rule 404(b), must both satisfy evidentiary hearsay rules.

Defendant argues that admitting the Complaint is a violation of both evidentiary hearsay rules and Defendant's Sixth Amendment right to confront witnesses against him. "The Confrontation Clause of the Sixth Amendment guarantees criminal defendants an opportunity to impeach through cross-examination the testimony of adverse witnesses." United States v. Arias-Izquierdo, 449 F.3d 1168, 1178 (11th Cir. 2006). And "if hearsay is 'testimonial,' that is, for example, 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial,' the Confrontation Clause prohibits its admission at trial unless (1) the declarant is unavailable, and (2) and the defendant has had a prior opportunity to cross-examine the declarant." United States v. Baker, 432 F.3d 1189, 1203 (11th Cir. 2005) (citing Crawford v. Washington, 541 U.S. 36, 52 (2004)).

Examples of testimonial statements are "ex parte in-court testimony or its functional equivalent--that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially." Crawford, 541 U.S. at 51. Additionally, "extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions,

prior testimony, or confessions" are also within the "core class" of testimony.  Id. "Admission of *non-testimonial* hearsay against criminal defendants is not governed by Crawford, but still violates the Confrontation Clause unless the statement falls within a firmly rooted hearsay exception, or otherwise carries a particularized guarantee of trustworthiness."  United States v. Baker, 432 F.3d 1189, 1204 (11th Cir. 2005) (citing Ohio v. Roberts, 448 U.S. 56, 66 (1980) (emphasis added)).

   The Agreed Preliminary Injunction that was signed by Defendant references the Complaint.  However, the Complaint and the Injunction do not necessarily need to be read in concert with one another.  It is true that Defendant's signature on the Agreed Preliminary Injunction serves as an admission by party-opponent and is therefore not considered hearsay.  Fed. R. Evid. 801(d)(2).  However, this signature does not apply to the Complaint.  They are separate documents and an understanding of the Complaint is not necessary in order to understand the actions that are enjoined by the Agreed Preliminary Injunction.  Because the Complaint contains hearsay statements, it should be excluded under the Federal Rules of Evidence.

   The analysis of whether the Complaint violates Defendant's Sixth Amendment right under Crawford leads to the same result.  The Complaint, as a pleading filed in a legal matter, contains pretrial statements of unavailable declarants who are adverse to Defendant.  Those declarants would have

4

reasonably expected their statements to be used prosecutorially.  Therefore, the statements in the Complaint are testimonial in nature.  Additionally, the declarants of those statements will be unavailable for this trial.  Lastly, because the statements were made prior to the filing of the Complaint in that case, the Defendant did not have an opportunity to cross-examine those declarants.  Consequently, Crawford instructs that the Confrontation Clause prohibits the Complaint's admission at this trial.

Accordingly, because the Complaint is in violation of the Federal Rules of Evidence and the Confrontational Clause of the Constitution, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion to suppress the Complaint (doc. 49) is *granted*.

**SO ORDERED** this twenty-ninth day of July, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge